UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHONN TERRACE TIBBS, et al., )<br>)<br>Defendants. ) | NO. 3:11-0763<br>Judge Sharp/Bryant |

TO: The Honorable Kevin H. Sharp

### REPORT AND RECOMMENDATION

The remaining parties in this case have filed competing motions for summary judgment. Defendants Shonn Terrance Tibbs and wife, Tracey Lynette Tibbs, have filed their motion for summary judgment (Docket Entry No. 64) to which defendant Deutsche Bank National Trust Company ("DBNTC") has responded in opposition (Docket Entry No. 71). Plaintiff DBNTC has filed its motion for summary judgment (Docket Entry No. 74) to which defendants have responded (Docket Entry No. 77). Plaintiff filed a reply (Docket Entry No. 78).

For the reasons stated below, the undersigned Magistrate Judge RECOMMENDS that defendants' motion for summary judgment be DENIED and plaintiff's motion be GRANTED.

### Statement of the Case

In this diversity action, plaintiff DBNTC seeks a declaratory ruling in favor of the priority and enforceability of a deed of trust lien on defendants' residence located at 560

Needmore Road, Old Hickory, Tennessee (the "Property"). Alternatively, plaintiff seeks money damages based upon an alleged conspiracy of defendants and others to deprive plaintiff DBNTC of its lawful rights in the subject Property. Defendants deny liability and assert that plaintiff's rights in their home have been extinguished by waiver and other actions related to defendants' personal bankruptcy proceedings.

## Standard of Review

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if

appropriate. Fed.R.Civ.P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. <u>Celotex</u>, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

**Undisputed Facts**

In their competing motions for summary judgment, the parties agree on many undisputed facts, but they disagree strongly about the conclusions to be drawn from those facts. The following facts are undisputed:

1. On March 16, 2007, defendant Shonn T. Tibbs signed an adjustable rate note in principal amount of $749,900.00 in favor of lender Saxon Mortgage, Inc. (the "Saxon note") (Docket Entry No. 69-1). Plaintiff DBNTC is the successor in interest to Saxon Mortgage, Inc. and is the present holder of this note (Docket Entry No. 69-1).

2. Also on March 16, 2007, both of the Tibbs defendants executed a deed of trust to the Property in favor of Saxon

3

Mortgage, Inc. (the "Saxon deed of trust") to secure payment of the above-referenced note. This deed of trust was recorded on May 9, 2007 (Docket Entry No. 75 at ¶ 6).

3. On April 3, 2007, defendants Tibbs executed a deed of trust to the Property in favor of Mid-State Lenders, Inc. (the "Mid-State deed of trust") to secure a $190,000.00 promissory note. This deed of trust was recorded on April 5, 2007 (Id. at ¶¶ 10 and 11).

4. At the time of the delivery and recording of the Mid-State deed of trust, Mid-State was on actual or inquiry notice of the earlier Saxon deed of trust (Id. at ¶ 12 and Docket Entry No. 70-9).

5. On May 15, 2009, defendants Tibbs filed a voluntary Chapter 7 bankruptcy petition (Docket Entry No. 75 at ¶ 13). The Tibbs' bankruptcy schedules list the Saxon deed of trust as a first mortgage on the Property and the Mid-State deed of trust as a second mortgage thereon (Id. at ¶¶ 13 and 14). Saxon Mortgage, Inc. filed a proof of claim as a secured creditor (Docket Entry No. 70-7 and -8).

6. On or about June 3, 2009, and August 10, 2009, Saxon Mortgage Services, as servicing agent for DBNTC, filed Motions for Abandonment and Relief from the Automatic Stay (Docket Entry Nos. 70-1 and 70-2).

7. On or about December 30, 2009, Saxon Mortgage filed

its Expedited Motion To Stay Sale of Real Property Free and Clear of Lien of Saxon or Distribution of Proceeds from Such Sale and To Alter or Amend Agreed Order Permitting Sale of Property and Distribution of Proceeds (Docket Entry No. 70-3). This expedited motion was filed to prohibit a proposed sale of the Property pursuant to the Mid-State deed of trust and payment of proceeds to Mid-State as first lienholder (Id.). On February 3, 2010, the bankruptcy court stayed the sale of the Property free and clear of the lien of the Saxon deed of trust and further ordered "that Saxon will file a motion or adversary proceeding to determine the priority of liens on the Property within 30 days of any sale of the Property by the Trustee." (Docket Entry No. 70-4).

8. On March 10, 2010, the bankruptcy court entered an order granting the Trustee authority to sell "the Debtor's interest" in the Property (Docket Entry No. 70-6).

9. Despite the foregoing orders authorizing sale of the Property by the bankruptcy trustee, this record fails to show that such sale by the Trustee ever occurred.

10. On July 9, 2010, the bankruptcy court granted a discharge to defendants Tibbs (Docket Entry No. 14-10).

11. On September 10, 2010, before the Tibbs' bankruptcy case had been concluded or the bankruptcy trustee had abandoned the Property, Ronald Buchanan, as substitute trustee under the Mid-State deed of trust, conducted a foreclosure sale at which Mid-

5

State purchased the Property for $100.00 (Docket Entry No. 75 at ¶ 15).

12. Thereafter, on October 9, 2010, Mid-State conveyed the Property by quitclaim deed back to defendants Tibbs (Id. at ¶ 16).

13. Also on October 9, 2010, defendants Tibbs executed a new deed of trust in favor of Mid-State to secure a $190,000.00 note (Id. at ¶ 17).

14. Also on October 9, 2010, defendants Tibbs executed another deed of trust on the Property in favor of Wiseco allegedly to secure a $210,000.00 promissory note (Id. at ¶ 18).

15. On or about December 7, 2011, Mid-State executed a Subordination of Deeds of Trust in which it stipulated that "at the time of the execution and delivery of the April 2007 Mid-State Deed of Trust, Mid-State was on actual or inquiry notice of the Saxon Deed of Trust," and that both the 2007 and 2010 Mid-State deeds of trust were subordinate in priority to the Saxon deed of trust (Docket Entry No. 70-9).

## Analysis

For purposes of organization, the undersigned will consider first whether the undisputed record establishes the elements of plaintiff's claim and thereafter will consider the defenses asserted by defendants.

It appears that plaintiff DBNTC is the current holder of the Saxon note, which has been endorsed in blank by Saxon Mortgage, Inc. (Docket Entry No. 73-1). Under Tennessee law, a deed of trust follows the note that it secures, without the need to expressly assign the deed of trust to the transferee of the note. W.C. Early Co. v. Williams, 135 Tenn. 249, 188 S.W. 102, 103-04 (1916). Under this authority, plaintiff DBNTC as holder of the Saxon note has standing to enforce the Saxon deed of trust.

Whether any rights under the Saxon deed of trust have survived to be enforced depends upon a determination of the priority of the Saxon deed of trust relative to the 2007 Mid-State deed of trust. If the Mid-State deed of trust is determined to have priority, then all rights under the Saxon deed of trust would have been extinguished by the September 10, 2010, foreclosure sale of the Mid-State deed of trust. Tennessee Code Annotated Section 66-26-105, which governs priority among competing deeds of trust, provides as follows:

> **Priority of registered instruments.** – Any instruments first registered or noted for registration shall have preference over one of earlier date, but noted for registration afterwards; unless it is proved in a court of equity, according to the rules of the court, that the party claiming under the subsequent instrument had full notice of the previous instrument.

Tennessee courts interpreting this statute have held that the requirement of "full notice" is satisfied by actual notice, Moore v. Cole, 289 S.W.2d 695, 698 (Tenn. 1956) ("ordinarily actual

7

notice is when one sees with his eyes that something is done"), or inquiry notice, Blevins v. Johnson County, 746 S.W.2d 678, 683 (Tenn. 1988) ("Some authorities classify inquiry notice as a type of constructive notice, but in Tennessee, it has come to be considered as a variant of actual notice.").

On the record before the Court, it appears undisputed that Mid-State was on actual or inquiry notice of the earlier Saxon deed of trust at the time the 2007 Mid-State deed of trust was delivered and recorded (Docket Entry Nos. 70-9 and 75 at ¶ 12). Accordingly, the undersigned Magistrate Judge finds that the Saxon deed of trust, of which plaintiff DBNTC is the current holder, had priority over the Mid-State deed of trust and, therefore, that lien rights under the Saxon deed of trust were not extinguished when the Mid-State deed of trust was foreclosed in September 2010. Thus, plaintiff has on this record established the enforceability of the Saxon deed of trust unless defenses raised by Mr. & Mrs. Tibbs have merit.

**Defenses to the enforceability of the Saxon deed of trust**. In their memorandum in support of their motion for summary judgment (Docket Entry No. 65) and in their memorandum in opposition to DBNTC's motion for summary judgment (Docket Entry No. 77), defendants raise the following defenses: (1) their bankruptcy discharge absolves defendants from all liability to plaintiff; (2) plaintiff has waived the lien under the Saxon deed of trust by

8

failing to file an adversary proceeding in defendants' bankruptcy; and (3) plaintiff lacks standing to enforce the Saxon deed of trust. The undersigned will consider each of these defenses.

Defendants Tibbs, citing 11 U.S.C. § 524, argue that their discharge in bankruptcy absolves them from all liability to the plaintiff. It is undisputed that Mr. and Mrs. Tibbs were granted a bankruptcy discharge on July 9, 2010 (Docket Entry No. 14-10). While it is true that this discharge absolved defendants from any personal, individual liability to plaintiff DBNTC, a lien ordinarily survives the discharge in bankruptcy unless a lien is avoidable and the debtor has taken timely steps to avoid it. In Re: Holloway, 81 F.3d 1062, 1063 (11th Cir. 1996). As the Holloway court explained "[a] discharge in bankruptcy 'voids any judgment . . . to the extent that such judgment is a determination of the *personal liability* of the debtor.' . . . However, discharges in bankruptcy do not affect liability in rem. Thus, liens on property remain enforceable after the discharge unless avoidable under the Bankruptcy Code." Id. at fn 1. This record contains no evidence that the bankruptcy court determined that the lien of the Saxon deed of trust was avoidable. Therefore, although their bankruptcy discharge precludes plaintiff DBNTC from proceeding against Mr. & Mrs. Tibbs for any deficiency that may remain following application of foreclosure proceeds to the Saxon note indebtedness, such

discharge does not preclude plaintiff, as a secured creditor, from enforcing its lien against the Property.

Defendants also argue that plaintiff DBNTC has waived its right to enforce its lien by failing to file an adversary proceeding in the bankruptcy to determine priority of its deed of trust lien. As a general statement of Tennessee law, "[a] waiver is a voluntary relinquishment by a party of a known right. . . . '[I]t may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct. . . .'" Gaston v. Tennessee Farmers Mut. Ins. Co., 120 S.W.3d 815, 819 (Tenn. 2003) (citing Chattem, Inc. v. Provident Life & Acc. Ins. Co., 676 S.W.2d 953, 955 (Tenn. 1984).

Here, the record indicates that Saxon Mortgage Services, Inc., as servicer for plaintiff DBNTC, filed a proof of claim as a secured creditor in the Tibbs' bankruptcy. Thereafter, Saxon Mortgage Services, Inc. on behalf of plaintiff filed two motions seeking abandonment of its collateral and relief from the automatic bankruptcy stay (Docket Entry Nos. 70-1 and 70-2). After Mid-State and the bankruptcy trustee objected to these motions, the bankruptcy court on February 3, 2010, entered an order staying the sale of the Property free and clear of the lien of the Saxon deed of trust and further ordering "that Saxon will file a motion or adversary proceeding to determine the priority of liens on the

10

Property within 30 days of any sale of the Property by the Trustee." (Docket Entry No. 70-04). Despite a later order on March 10, 2010 (Docket Entry No. 70-6), authorizing the bankruptcy trustee to sell the Property, it appears that no sale by the trustee ever occurred. In light of these facts, defendants Tibbs argue that plaintiff DBNTC has waived its right to enforce its deed of trust lien because it failed to "file a motion or adversary proceeding to determine the priority of liens on the Property within 30 days of any sale of the Property by the Trustee." In response, plaintiff DBNTC argues that no waiver has occurred because, as stated above, the trustee in fact never sold the Property, rendering the provision quoted immediately above moot.

The undersigned Magistrate Judge agrees. The bankruptcy trustee never conducted a sale of the Property and, therefore, the priority and enforceability of the deed of trust liens under the Saxon deed of trust and the Mid-State deed of trust were never judicially determined in the bankruptcy court. The undersigned Magistrate Judge finds in this record no evidence that plaintiff DBNTC voluntarily relinquished its right to enforce its deed of trust lien by word or by conduct. Therefore, the undersigned finds that the claim of defendants Tibbs that plaintiff's right to enforce its deed of trust lien has been waived is without merit.

Finally, Mr. and Mrs. Tibbs claim that plaintiff DBNTC lacks standing to assert its claim (Docket Entry No. 65 at 8-9).

The undersigned has discussed the issue of standing earlier in this memorandum at page 7, and, for the reasons stated there, finds that this defense by Mr. and Mrs. Tibbs lacks merit.

For the reasons stated above in this report and recommendation, the undersigned Magistrate Judge finds that there is no genuine issue of material fact and that plaintiff DBNTC, as a matter of law, is entitled to a judgment declaring that it is entitled to enforce, as a first priority claim, the lien of the Saxon deed of trust and, therefore, that its alternative claim of conspiracy against defendants Tibbs should be dismissed.[1] The undersigned further finds that, for the reasons stated above, the motion for summary judgment filed by defendants Tibbs lacks merit and should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's motion for summary judgment be GRANTED, that judgment declaring the enforceability of the lien of the Saxon deed of trust by plaintiff be ENTERED, that plaintiff's conspiracy claim against the defendants be DISMISSED and that defendants' motion for summary judgment be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure,

---

[1] Plaintiff DBNTC has conceded that if it is determined to have an enforceable first-priority lien on the Property, its conspiracy claim against defendants must fail for lack of damages (Docket Entry No. 71 at 2).

any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

      **ENTERED** this 2nd day of January 2013.

      s/ John S. Bryant
      JOHN S. BRYANT
      United States Magistrate Judge